RECEIPT # 62937
AMOUNT $ 250
SUMMONS ISSUED Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK.
DATE 3-21-05

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA REEDER, | ) Case No.: |
| Plaintiff, | ) COMPLAINT |
| vs. | ) |
| SUN LIFE FINANCIAL DISTRIBUTORS, INC., a foreign corporation., | ) |
| Defendant. | ) |

05-10534NMG

MAGISTRATE JUDGE Alexander

## INTRODUCTION

This is an action filed pursuant to section 502(a)(1)(B) and section 502(a)(3) of the ERISA Act, 29 U.S.C., sec. 1132(a) and sec. 1132 (a)(3) to recover benefits due to the plaintiff/employee under the terms of a disability insurance policy provided as an employee benefit plan by plaintiff's former employer, Sun Life Financial Distributors, Inc. (hereinafter Sun Life), and to enjoin the plan administrator from continuing to deny benefits to plaintiff in violation of the terms of the plan. Sun Life is the plan administrator. Jurisdiction over this cause of action is conferred upon this Court by 29 U.S.C. sec. 1132(e)(1); (2).

Section 1132(g) provides for the award of attorney's fees and costs of the action to the plaintiff in the event of a judgment.

## PARTIES

1. Plaintiff is an individual residing at all time relevant to this action in Norwood, Norfolk County, Commonwealth of Massachusetts. She is a participant of an

COMPLAINT - 1

employee benefit plan for long term disability benefits both provided and administered by the defendant, Sun Life.

2. Defendant is a foreign corporation organized under the laws of the State of Delaware, with a principal place of business located at 1 Sun Life Executive Park, Wellesley Hills, Norfolk County, Commonwealth of Massachusetts.

## FACTS

3. Plaintiff was employed as a research/adjustment analyst for Sun Life for approximately nineteen (19) years, beginning in 1984.

4. Sun Life provides to its employees, as an employee benefit plan, long term disability insurance benefits. This plan is also administered by Sun Life Financial Distributors, Inc., which acts as fiduciary and also determines eligibility for benefits.

5. Plaintiff was an employee/participant of the above mentioned plan throughout her employment with Sun Life, making contributions for coverage under the plan from her wages.

6. Plaintiff has suffered from severe, complicated Crohn's disease for many years during the course of her employment with defendant. She has undergone a total of three separate surgical procedures to attempt to contain the disease. She has had two bowel resections, one a small bowel resection with an appendectomy in 1994, a subtotal colectomy in 1996, leaving her with a small colon pouch, and a rectal incision and drainage performed in October of 2000.

7. On May 31, 2003, plaintiff underwent a cholecystectomy, (surgery for gall bladder removal), at the Brigham and Women's Hospital. She left work on or about May 15, 2003 due to the severity of her symptoms, and to prepare for surgery. On or about April 28, 2003, defendant was notified of the plaintiff's

need for a medical leave of absence. On or about June 19, 2003, she was awarded a temporary medical leave from work by the defendant according to the terms of the Family and Medical Leave Act (FMLA). She applied for and was awarded a short term salary continuance through defendant, which was granted on August 11, 2003, for the period beginning on May 15, 2003 and ending July 25, 2003.

8. Following her surgery, plaintiff continued to experience severe epigastric pain, frequent loose and watery bowel movements, and fecal urgency and incontinence, greatly inhibiting her ability to reliably and consistently perform the essential duties of her occupation with the defendant. She also continues to experience severe pain upon voiding and fatigue. Her ability to concentrate on work tasks was interrupted by her frequent need to void, and by the anxiety produced by the unpredictable nature of her condition. Her medical condition makes her susceptible to frequent infections, which cause low grade fever, nausea, and fatigue. Plaintiff also requires regular and frequent appointments with her medical providers for treatment.

9. On June 19, 2003, defendant sent a letter to plaintiff granting her a medical leave of absence and acknowledging that her medical condition rendered her unable to perform the essential functions of her job.

10. Plaintiff continues to require chemotherapy for her symptoms, including steroids and intermittent infusions of Remeraid, a medication with significant side effects.

11. On August 15, 2003, a nurse employed by plaintiff's treating gastroenterologist, Greta Teitelbaum, M.D., wrote a letter to Chrissy Allen, R.N., as a follow up to their conversation of that date, stating that plaintiff was still suffering from daily

diarrhea, loss of bowel control, nausea, low grade fevers, and severe fatigue, keeping her unable to work. She also stated that plaintiff was suffering from panic/anxiety disorder as a result of her Crohn's disease. The letter was co-signed by Dr. Teitelbaum.

12. A letter written by plaintiff's treating psychiatrist, Richard Morrill, M.D., dated August 12, 2004, states that plaintiff was under his care for depression and anxiety related to her poorly controlled Crohn's disease. He describes her problems concentrating, following directions, and engaging in conversations, and states that stressful situations often exacerbate Crohn's disease. These symptoms are described throughout the course of plaintiff's office notes with Harvard Vanguard Medical Associates, along with records of treatment with various medications to attempt to control plaintiff's anxiety. This letter and the office note references were not mentioned or considered by defendant. Progress notes from Harvard Vanguard repeatedly relate that plaintiff was prescribed Klonopin for anxiety, 1.5 mgs. per day, as well as Xanax on occasion. Completed attending physician's statement forms provided to defendant by plaintiff's treating physician clearly state that plaintiff had mental health issues.

13. On or about August 25, 2003, plaintiff attempted to return to work on a part-time basis when she was informed by defendant that her FMLA benefits were exhausted as of August 6, 2003. She was forced to leave work on September 18, 2003, when her supervisor complained that she was unable to perform the essential duties of her occupation, which were later described by Sun Life in a letter dated November 19, 2003 as regular full-time attendance and performing complex financial analyses.

14. On October 9, 2003, defendant sent plaintiff a letter stating that her short term salary continuance was approved for an additional period, but that it would expire after 26 weeks on November 12, 2003. Defendant indicated that plaintiff might apply for long term disability benefits, but that because she had exceeded the 12 week FMLA limit, her job could not be held any longer. Plaintiff received her last paycheck on or about November 6, 2003.

15. Plaintiff applied for and was granted Social Security disability benefits on March 21, 2004, with an onset date of May 15, 2003, the last day of her full time work for defendant. This evidence was not considered by the defendant.

16. Defendant's medical consultant, Burt Hall, M.D., an internist, reviewed the record in plaintiff's claim. Dr. Hall states in his report, "Complicating the history of the gallbladder surgery is the fact that the claimant had undergone bowel resection on a couple of occasions which in and of itself can lead to loose, watery bowel movements as can the cholecystectomy." Dr. Hall then incorrectly states that plaintiff did not return to work from that time period (July-August-September), "[E]ither part-time or full-time, due primarily self reported symptoms." Defendant's own correspondence of March 1, 2004 contradicts this statement, stating that she in fact tried to return to work part-time from August 25th through September 18, 2003.

17. Defendant denied plaintiff's application for long term disability benefits both initially, and on appeal. Defendant impermissibly failed to consider all of the evidence in the record, and arbitrarily refused to credit or even evaluate all of plaintiff's reliable evidence.

18. Defendant's actions are unreasonable and therefore arbitrary and capricious, in that defendant, by its own admission, found plaintiff unable to perform the

essential duties of her occupation, which lead to her termination, while at the same time denying her claim on the basis that she *could* in fact perform those essential duties.

19. Defendant's actions denying plaintiff's claim for long term disability benefits are unreasonable and therefore arbitrary and capricious, in that defendant states that plaintiff can work part-time, while at the same time maintaining that part-time work does not constitute performing the essential duties of her occupation.

## COUNT I

20. Plaintiff realleges the allegations contained in paragraphs 1 through 19, as fully as if repeated herewith verbatim.

21. Defendant's denial of plaintiff's claim for long term disability benefits was unreasonable, arbitrary and capricious, and constitutes a violation of the ERISA Act, section 502(a), et seq., 20 U.S.C. section 1132(a)(1)(B).

## COUNT II
(Bad Faith)

22. Plaintiff realleges the allegations contained in paragraphs 1 through 19, as fully as if repeated herewith verbatim.

23. Defendant's reliance on only those portions of the record that best support its denial of plaintiff's claim constitutes a bad faith breach of its fiduciary duty to plaintiff to conduct a complete and fair evaluation of her claim.

24. Defendant's evaluation of only the exertional requirements of her former job, which constituted sedentary work, did not consider the non-exertional, cognitive

requirements of her job, nor did it consider defendant's own agent's opinion, (plaintiff's supervisor) that she could not perform the essential duties of her job. WHEREFORE, Plaintiff demands judgment from the defendants, consisting of an order enjoining defendant to make payment of Long Term Disability Benefits from the present and continuing on an ongoing basis, and ordering payment of unpaid back benefits to present, payment of attorney's fees, interest from the date of filing, and costs.

Dated this 17th day of March, 2005

Laura Reeder, Plaintiff,
By Her Attorney,

Lindsay Preston Rand
Nashawaty & Rand
654 Washington Street,
Suite 100
Braintree, MA 02184

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LAURA REEDER

**DEFENDANTS**
SUN LIFE FINANCIAL DISTRIBUTORS, INC.

(b) County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lindsay P. Rand, Nashawaty & Rand
654 Washington St., Braintree MA 02184
781 849-9844

Attorneys (If Known)
05- 10534 NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

ERISA claim for long term disability benefits, 29 U.S.C. sec.502(a)(1)(B)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 3/17/2005
SIGNATURE OF ATTORNEY OF RECORD
*Lindsay Rand*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Laura Reeder v. Sun Life Financial Distributors, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

      *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   — IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

   **05-10534NMG**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)

   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)    NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Lindsay Preston Rand
ADDRESS  654 Washington St., Braintree, MA  02184
TELEPHONE NO.  781 849-9844

(Cover sheet local.wpd - 11/27/00)