UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA REEDER,<br>    Plaintiff<br><br>V.<br><br>SUN LIFE FINANCIAL DISTRIBUTORS,<br>INC., a foreign corporation,<br>    Defendant | CIVIL ACTION NO. 05-10534-NMG |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

The defendant, Sun Life Assurance Company of Canada (improperly named as Sun Life Financial Distributors, Inc.) ("Sun Life"), answers the plaintiff's Complaint as follows:

**INTRODUCTION**

Sun Life admits that Sun Life Assurance Company of Canada is the Claims Administrator for the long-term group disability insurance policy that is the subject of this action and that Sun Life Assurance Company of Canada (U.S.) ("Sun Life (U.S.)") is the plaintiff's former employer and the Plan Administrator of its employee benefit plan.  In addition, Sun Life does not contest the jurisdiction of this Court.  The remaining allegations set forth in paragraph 1 contain contentions of law to which no answer is required.  To the extent that any of the remaining allegations contain contentions of fact, Sun Life denies them.

**PARTIES**

1.   Sun Life admits based on information and belief that the plaintiff is an individual residing at all relevant times in Norwood, Norfolk County, Massachusetts.  Sun Life further admits that the plaintiff was a participant of an employee benefit plan for a long-term disability

benefits provided by her employer, Sun Life (U.S.), and that Sun Life was the claims administrator for the Plan.

2.  Sun Life admits that it is a foreign corporation organized under the **laws** of Canada, licensed to do business in Massachusetts, with a principal place of business located at 1 Sun Life Executive Park, Wellesley Hills, Norfolk County, Massachusetts. Sun Life denies the remaining allegations contained in paragraph 2.

### FACTS

3.  Sun Life admits that the plaintiff was employed as a research/adjustment analyst for Sun Life (U.S.) from 1984 through May 15, 2003. Sun Life denies the remaining factual allegations set forth in paragraph 3.

4.  Sun Life admits that plaintiff's employer Sun Life (U.S.) provides a long-term disability insurance policy to its employees as part of its employee benefit plan (the "Plan"). Sun Life also admits that Sun Life (U.S.) is the Plan Administrator and Sun Life is the Claims Administrator responsible for making eligibility determinations. Sun Life denies the remaining allegations set forth in paragraph 4.

5.  Sun Life admits that in May 2003, the plaintiff was a participant in the Plan as part of her employment with Sun Life (U.S.). Sun Life admits based on information and belief the remaining allegations contained in paragraph 5.

6.  Sun Life admits based on information and belief the plaintiff has had a 20 year history of Crohn's Disease and that the plaintiff has undergone a series of medical procedures and treatment for this disease. Sun Life denies the remaining allegations set forth in paragraph 6.

7.  Sun Life admits based on information and belief that on May 31, 2003, the plaintiff underwent a cholecystectomy at the Brigham & Women's Hospital, that her last day of

employment with Sun Life (U.S.) was May 15, 2003, that Sun Life (U.S.) granted her temporary medical leave and that she received short-term salary continuation benefits from Sun Life (U.S.). Defendant denies that the plaintiff notified Sun Life of her need for medical leave of absence, that it awarded a medical leave of absence or paid the plaintiff's short-term salary continuance. Sun Life lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8. Sun Life admits based on information and belief that the plaintiff continues to complain of complications and symptoms related to her Crohn's Disease. Sun Life lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9. Sun Life denies that it sent the June 19, 2003 letter referenced in paragraph 9. The June 19, 2003 letter from Sun Life (U.S.) referenced in paragraph 9 speaks for itself and therefore no further answer is required as to the allegations set forth in paragraph 9 regarding the letter. Sun Life denies the remaining allegations set forth in paragraph 9 in the manner and form stated.

10. Sun Life admits based on information and belief that the plaintiff continues to receive treatment for Crohn's Disease. Sun Life lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. The August 15, 2003 letter referenced in paragraph 11 speaks for itself and therefore no further answer is required as to the allegations set forth in paragraph 11 regarding the letter. Sun Life denies the remaining allegations set forth in paragraph 11 in the manner and form stated.

12.     The August 12, 2004 letter and the medical records referenced in paragraph 12 speak for themselves and therefore no further answer is required as to the allegations set forth in paragraph 12 regarding the letter. Sun Life denies the remaining allegations set forth in paragraph 12 in the manner and form stated.

13.     Sun Life admits that based on information and belief on or about August 25, 2003, the plaintiff returned to work with her employer, Sun Life (U.S.), on a part-time basis. Defendant denies that Sun Life sent a letter to the plaintiff dated November 19, 2003. The letter dated November 19, 2003 from plaintiff's employer, Sun Life (U.S.), referenced in paragraph 13 speaks for itself and therefore no further answer is required as to the allegations in paragraph 13 regarding that letter. Sun Life denies the remaining allegation of paragraph 13 in the manner and form stated.

14.     Defendant denies that Sun Life sent a letter to the plaintiff dated October 9, 2003. The October 9, 2003 letter from plaintiff's employer, Sun Life (U.S.), referenced in paragraph 14 speaks for itself and therefore no further answer is required as to the allegations in paragraph 14 regarding that letter. Further, Sun Life lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 14.

15.     Sun Life admits based on information and belief that the plaintiff applied for and was granted Social Security benefits on March 21, 2003, with an onset date of May 15, 2003. Sun Life denies the remaining allegations contained in paragraph 15.

16.     Sun Life admits that Dr. Burt Hall reviewed the plaintiff's medical records. Dr. Hall's report and the letter dated March 1, 2004 referenced in paragraph 16 speak for themselves and therefore no further answer is required as to the allegations regarding that letter

in paragraph 16. Sun Life denies the remaining allegations set forth in paragraph 16 in the manner and form stated.

17. Sun Life admits that it denied plaintiff's application for long-term disability benefits and upheld its decision on appeal. Sun Life denies the remaining allegations contained in paragraph 17.

18. Sun Life denies the allegations contained in paragraph 18.

19. Sun Life denies the allegations contained in paragraph 19.

## COUNT I

20. Sun Life repeats and realleges its answers to paragraphs 1 through 19, which are incorporated herein by reference.

21. Sun Life denies the allegations contained in paragraph 21.

## COUNT II

22. Sun Life repeats and realleges its answers to paragraphs 1 through 21, which are incorporated herein by reference.

23. Sun Life denies the allegations contained in paragraph 23.

24. Sun Life denies the allegations contained in paragraph 24.

Sun Life denies that plaintiff is entitled to the relief requested in the wherefore paragraph of her Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

No benefits are due to the plaintiff since she is not totally disabled as defined by the Plan.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by the terms and conditions of the Plan.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff has failed to comply with all conditions precedent and necessary to receive benefits under the terms of the Plan.

### FIFTH AFFIRMATIVE DEFENSE

Sun Life fairly evaluated the plaintiff's claim for disability benefits and at all times acted in good faith in evaluating the plaintiff's claim for disability benefits.

### SIXTH AFFIRMATIVE DEFENSE

The decision rendered on the plaintiff's request for benefits was fair and reasonable in light of the information provided to Sun Life.

### SEVENTH AFFIRMATIVE DEFENSE

If benefits were ever owed to the plaintiff, such benefits have been paid, and no further benefits are owed to the plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Sun Life's decision to deny Plaintiff's claim for benefits was not arbitrary and capricious and/or was otherwise in accordance with the terms of the employee welfare benefit plan.

### NINTH AFFIRMATIVE DEFENSE

Sun Life did not carry out its duties in an arbitrary and capricious manner.

### TENTH AFFIRMATIVE DEFENSE

All state law and common law claims asserted by the plaintiff are preempted by the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001 et seq.

## ELEVENTH DEFENSE

Under ERISA the plaintiff is not entitled to any extra contractual damages.

## TWELFTH DEFENSE

The plaintiff has not made a sufficient showing to warrant an award of attorneys' fees under ERISA.

## THIRTEENTH DEFENSE

The Plan is not obligated to pay any future benefits in a lump sum to the plaintiff.

## FOURTEENTH DEFENSE

The plaintiff's claim is barred by the applicable statute of limitations and the limitations provisions in the long-term disability plan.

SUN LIFE ASSURANCE COMPANY OF CANADA improperly named as SUN LIFE FINANCIAL DISTRIBUTORS INC.

By its attorney,

/s/ Kristina H. Allaire
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: May 12, 2005

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Lindsay P. Rand, Esq., Nashawaty & Rand, 654 Washington Street, Suite 100, Braintree, MA 02184.

/s/ Kristina H. Allaire
Kristina H. Allaire, Esq.

Dated: May 12, 2005