UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2006 FEB -9 P 3:30

DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LAURA REEDER, | Case No.: 05-10534-NMG |
| Plaintiff, | PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ENLARGE THE RECORD |
| vs. | |
| SUN LIFE FINANCIAL DISTRIBUTORS, INC., | |
| Defendant | |

Issue Presented

**Whether the administrative record compiled by defendant should include correspondence from plaintiff's employer's human resource manager to the plaintiff, regarding her job performance and inability to perform the essential duties of her job, and intent by management to fill her position with another worker.**

Factual Background

Plaintiff, a 19 year employee of Sun Life Financial, Inc., (SLF) suffers from severe chronic Crohn's disease. She applied for, and was granted, a medical leave of absence by SLF on or about June 19, 2003, and was also awarded a short term salary continuance as well, following surgery to remove her gall bladder. Leave was granted starting from April 28, 2003, approximately one month before her surgery. Documentation to support this leave was of course required by SLF and provided by plaintiff during her leave period. On or about August 11, 2003, SLF sent plaintiff a letter that her twelve week Family and Medical Leave Act (FMLA) leave time was to expire on August 6, 2003, and that her position may have to be filled. The same letter requested documentation for plaintiff's return to work on August 18 for five hours per day. On or about August 25, 2003 plaintiff tried to return to work part-time, but was forced

to leave on September 18, 2003 when her supervisor complained that she was unable to perform the essential duties of her job. In a letter dated October 9, 2003, plaintiff's short term salary continuance was extended to November 12, 2003. In that same letter, plaintiff's senior human resources administrator informed her about filing for long term disability benefits, and enclosed the forms to apply. She was also told in the same letter that her position was being filled because regular and predictable full-time attendance was an essential function of her job.

A letter dated November 3, 2003 from Sun Life Financial's human resource administrator, Mary Kowalski, states that she received plaintiff's application for long term disability benefits and had forwarded it to Portsmouth, New Hampshire for consideration. A letter dated November 19, 2003 to plaintiff from Mary Kowalski telling her that she was not entitled to further short term salary continuance because it had expired. She also explained in the same letter that it was determined by an unnamed physician that she was no longer disabled. Later in that letter, she states that plaintiff's manager Ralph Milliken found that she had stopped performing essential functions of her job, such as performing complex financial analyses and appearing at work consistently and predictably at full-time capacity. She then states that Mr. Milliken would be filling her job. Ms. Kowolski stated that plaintiff was also not entitled to severance because her position was not eliminated, and because plaintiff had not been terminated, and could resume her job position.

A letter to plaintiff, with the letterhead of "Sun Life of Canada" dated December 9, 2003 from Wellesley Hills, Massachusetts, explains that she is ineligible to receive disability benefits, but she can request a review of that determination by mailing to Sun Life Financial Appeals Unit, Wellesley Hills, MA. After filing an appeal to the Appeals Unit in Wellesley Hills, counsel for plaintiff received a letter with the letterhead "Sun Life Financial" dated March 1, 2005 stating that Sun Life's review resulted in a finding of not disabled, and that plaintiff could file a civil action pursuant to ERISA. No mention is made in either of those two letters of Sun Life's earlier determination that plaintiff could not perform the essential functions of her job.

Argument

**I. Correspondence between plaintiff's employer and plaintiff, directly related to plaintiff's disability claim and her work performance, should have been considered by the defendant, the Plan Administrator, in its determination of disability, and therefore should be included in the administrative record.**

The documents in question, a series of letters from plaintiff's human resources administrator to the plaintiff from June of 2003 to November of 2003, pertain to plaintiff's claim for a medical leave of absence and short term wage continuation through her employer, Sun Life Financial, Inc. (SLF) following her gastro-intestinal surgery. Both Sun Life Financial, Inc. (the employer) and Sun Life Assurance Company of Canada (the Plan Administrator) are members of the Sun Life Financial group of companies, as indicated on the letterhead of each letter from Mary Kowalski, Senior Human Resources Administrator for SLF, to plaintiff. Offices for both corporate entities are located at One Sun Life Executive Park in Wellesley, Massachusetts. The letters show that plaintiff's claim for a medical leave of absence was approved, as well as her request for wage continuation. Of critical relevance to this case is the fact that they also indicate that plaintiff's employer had determined that she could not perform the essential functions of her job, which is the Plan definition of disability under the terms of its long term disability policy. These letters should have been considered by the Plan Administrator while making its determination as to plaintiff's qualification for long term disability benefits. They were readily available to defendant, were generated by a division of the same corporate group, and were the best evidence of plaintiff's ability to do her job. Although the employer is not the entity that determines eligibility for long term disability benefits, it nevertheless maintained contact with the Plan Administrator, and provided it with a description of plaintiff's job responsibilities. (bates no. 0251) The job description provided by plaintiff's employer was used by the Plan Administrator in evaluating plaintiff's claim.

1  The Plan's definition of disability is defined as the inability to perform the all of the material and substantial duties of her occupation. (bate stamp nos. 0251, 0064) Plaintiff's problems at work were quoted by her human resources administrator in her letter of October 9, 2003, and again in a subsequent letter dated November 19, 2003. The November 19, 2003 letter by Ms. Kowalski is already contained in the administrative record at page 271A-271C, and it also references the October 9th letter at page 2, paragraph 3.

The general rule in ERISA disability cases is that normally the reviewing court considers only the evidence provided to the Plan Administrator during the administrative process. *Massachusetts Casualty Insurance Company v. Reynolds* 113 F.3d 1450 (6th Cir.1997). This case is distinguished in that evidence of plaintiff's inability to perform her job was presented to the Plan Administrator by counsel, and acknowledged by defendant. The letter of November 19, 2003 stating that plaintiff cannot perform her job is already located in the record, as mentioned above. Ms. Kowalski states in her letter, "On October 9, 2003, I sent you a letter explaining that Mr. Milliken (plaintiff's manager) had made the determination that regular and predictable full-time attendance was an essential function of your job position, and that because your job position was no longer protected by the FMLA, he was going to begin the process of filling the position." Ms. Kowalski had obviously been in communication with Mr. Milliken. She also states in the letter, "You will need to communicate with the LTD department for the status of that claim."

A letter from the LTD department, on Sun Life of Canada letterhead, dated December 9, 2003, states that plaintiff's job description was provided to them by "Sun Life". (Administrative Record, pg. 0251) While Sun Life, plaintiff's employer, was obviously providing their own LTD department with information regarding plaintiff's job description, its position now appears to be that it did not provide any information regarding her actual job performance, information which it possessed and which related directly to her eligibility for benefits. Failure to make inquiry in such circumstances has been ruled by other courts to render a denial "arbitrary and capricious". *Gaither v. Aetna Life Insurance Company*, No. 03-7029 (Fed. 10th Cir. 11/4/2004) (Failure of

1  Plan Administrator to inquire why employee was put on leave rendered denial arbitrary and
2  capricious.)   As Plan Administrators, Sun Life Assurance Company of Canada owed plaintiff, as
3  a plan beneficiary, the fiduciary duty to obtain evidence readily available to them. *Toland v.*
4  *McCarthy*, 499 F.Supp. 1183 (Mass. 1980) (Trustees of pension fund function as fiduciaries with
5  special obligations to assure equity and fairness to employee participants in the plan.)
6         Other courts have also held that where there the Plan Administrator is also the funding
7  source for the benefits, a less deferential standard of review is appropriate. *Nord v. Black &*
8  *Decker Disability Plan*, No. 00-55689 (Fed. 9th Cir. 7/15/2002) (An insurer with a "dual role as
9  the administrator and funding source for the plan" has an inherent conflict of interest.)  Citing
10 *Lang v. LongTerm Disability Plan of Sponsor Applied Remote Tech., Inc.*, 125 F.3d 794 (9th Cir.
11 1997).  (Plans funded by insurers and also administered by them are not true trusts.)  Defendant's
12 Summary Plan Description states that funding for the insurance benefits paid in connection with
13 the plan are provided by Sun Life.  (bates no. 0066, Adm. Record)
14         Additionally, in *Recupero v. New England Telegraph Company*, 118 F.3d 820 (1st Cir.
15 1997), the Court held that a trial court may take, "evidence on motion", or convene a proceeding
16 to determine whether to develop a record suitable for judicial review.  Plaintiff submits that it is
17 clear that defendant was in fact well aware of the prior correspondence of its corporate relative
18 stating that plaintiff could not perform her job.  The correspondence between plaintiff and her
19 HR administrator was well within defendant's ability to obtain, most likely were accessible with
20 minimal effort, and would have shed light on plaintiff's actual ability to perform the essential
21 functions of her job, and therefore her eligibility for benefits.  This is especially true, where
22 plaintiff's employer, Sun Life Financial, Inc., and the Plan Administrator, Sun Life Assurance
23 Company of Canada, both share the same corporate address in Sun Life Executive Park in
24 Wellesley, Massachusetts and are both under the same corporate umbrella.
25         Sun Life's U.S. Employees Group Long Term Disability Insurance Plan (The
   Plan) is provided under the provisions of the Employee Retirement Income Security Act

(ERISA). As a participant in the Plan, plaintiff is entitled to certain rights and protections pursuant to ERISA. ERISA also imposes duties upon the people who are responsible for the operation of the Plan. The people who operate the plan are plaintiff's fiduciaries, and have a duty to act in their beneficiaries' interests. (bates no. 0067, Administrative Record)

Sun Life is entitled to require signed authorizations from any applicant/beneficiary to obtain both medical and non-medical information. (bates no. 0027, 0223, Administrative Record, Sun Life Welfare and Flexible Benefits Plan) Any information concerning plaintiff's work record could therefore been obtained by defendant. Information about plaintiff's employment is also requested in the claims form directly from the employer. In fact, Mary Kowalski herself filled out the Employer's Statement form used by Sun Life as part of the LTD application. (bates no. 00216A-D). She was therefore routinely in direct contact with defendant.

For the above reasons, plaintiff asserts that the records in question from her human resources administrator should be added to the record for consideration by the Court.

Respectfully submitted,

Dated this 9th day of February, 2006

By: _____
Lindsay Preston Rand
Nashawaty & Rand
654 Washington Street
Braintree, MA 02184

Dated: February 9, 2006

Plaintiff's Motion to Amend - 6