UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA REEDER,<br>        Plaintiff<br><br>V.<br><br>SUN LIFE ASSURANCE COMPANY OF<br>CANADA, INC.,<br>        Defendant | CIVIL ACTION NO. 05-10534-NMG |

## SUN LIFE ASSURANCE COMPANY OF CANADA, INC.'S OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

## NATURE AND STATUS OF PROCEEDINGS

In accordance with the order adopted at the Rule 16 Scheduling Conference where the parties agreed to resolve this ERISA case via cross motions for summary judgment, both parties have moved for summary judgment. Sun Life submits this reply to plaintiff's Motion for Summary Judgment.

For the reasons stated in Sun Life's Motion for Summary Judgment, which will not be repeated here, Sun Life's decision on Ms. Reeder's claim for disability benefits was reasonable and summary judgment should be entered in its favor.

This Court should deny or dismiss Ms. Reeder's motion for summary judgment because it does not include the statement of material facts required by Local Rule 56.1. In addition, the arguments asserted by Ms. Reeder in support of her motion for summary judgment are insufficient to support a determination that Sun Life's decision was arbitrary and capricious.

## <u>ARGUMENT</u>

A.    Ms. Reeder's Failure To Comply With Local Rule 56.1 Is Fatal To
      <u>Her Motion For Summary Judgment And It Should Be Denied.</u>

Local Rule 56.1 provides in relevant part that:

…[m]otions for summary judgment **shall include** a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, **with** page references to affidavits, depositions and other documents. **Failure to include such a statement constitutes grounds for denial of the motion**. (Emphasis added).

"This Local Rule has teeth, and can be dispositive; parties ignore such rules at their own peril." <u>Barry v. Wing Memorial Hosp.</u>, 142 F.Supp.2d 161, 163 n. 1 (D. Mass. 2001)(internal punctuation omitted). "Counsel should … note the importance of scrupulous compliance with D. Mass. R. 56.1." <u>Id.</u>

Failure to "scrupulous[ly] compl[y]" with the Rule's terms can result in dismissal of the moving party's summary judgment motion. <u>Id.</u>; <u>see</u> <u>Shabazz v. Cole</u>, 69 F.Supp.2d 177, 185-186 (D. Mass. 1999)(dismissing moving party's summary judgment motion for its failure to include a statement of material undisputed facts with page references to affidavits and documentation); <u>Rand v. M/A-Com, Inc.</u>, 824 F.Supp. 242, 266 (D.Mass. 1992)(noting that moving party's noncompliance with L.R. 56.1 by submitting statement of facts that was not concise, contained immaterial facts, and failed to provide accurate references to the record was grounds for denial of its motion for summary judgment).

Here, Ms. Reeder's motion for summary judgment does not contain the required concise statement of material facts as required by L.R. 56.1. Indeed, she offers no statement of material facts whatsoever. As such, her motion for summary judgment should be denied. <u>See</u> <u>Barry v. Wing Memorial Hosp.</u>, 142 F.Supp.2d at 163 n. 1; <u>Shabazz v. Cole</u>, 69 F.Supp.2d at 185-186; <u>Rand v. M/A-Com, Inc.</u>, 824 F.Supp. at 266.

In addition, the First Circuit has reaffirmed "that statements contained in a memorandum or lawyer's brief are insufficient, for summary judgment purposes, to establish material facts." Betances v. Sea-Land Service, 248 F. 3d 40, 43 (1st Cir. 2001). Where, as here, Ms. Reeder's counsel makes statements in the memorandum in support of her motion for summary judgment that are factual in nature (though many of them lack reference to the Administrative Record to confirm their veracity),[1] these statements are insufficient for summary judgment purposes to establish material facts. Betances v. Sea-Land Service, 248 F. 3d at 43.

In light of this and her failure to comply with L.R. 56.1, Ms. Reeder has not presented this Court with any material facts to consider. The presence of purported factual statements within Ms. Reeder's memorandum in support of her motion for summary judgment are plainly insufficient in light of the First Circuit's reaffirmance of its position that statements contained in a memorandum are not sufficient to establish material facts in the summary judgment context. See Betances v. Sea-Land Service, 248 F. 3d at 43. As such, her motion should be denied.

> B.  Ms. Reeder Has Failed To Sustain Her Burden Of Proving That She Remained Disabled After July 28, 2003 And Through The Rest Of The Elimination Period.

In order to establish that she is entitled to payment of total disability benefits, Ms. Reeder must show that she remained totally disabled after July 28, 2003 and through the end of the elimination period. This she has failed to do.

In her brief, Ms. Reeder appears to claim that her inability to perform the duties of her occupation is confirmed through a November 19, 2003 letter from her employer. (AR-271 A, B). To the contrary, this letter only reports that Ms. Reeder stopped doing certain job responsibilities. Ms. Reeder's supervisors make no statement in this letter that they believed that

---

[1]  The most glaring example being the discussion on p.8-9 of plaintiff's brief where plaintiff describes a 2002 office visit with her primary care physician and a cardiology referral. No cite to the Administrative Record is provided.

she, due to her illness, was unable to perform her duties.  That her employer reported that she

had not been doing certain duties[2] does not establish disability under the Policy.

Contrary to the plaintiff's assertions, the record does not support "the ongoing

seriousness of her symptoms."  (Plaintiff's brief, p.7). Plaintiff claims that the "record is replete

with references to Ms. Reeder's continued symptoms following her surgery," but then only

provides one cite to the Administrative Record. (Id.) Nor was there a "flare up in any of her

symptoms" after the surgery. (Plaintiff's brief p.4). Each of the cites listed by Ms. Reeder to the

Administrative Record are for treatment prior to July 28, 2003. (Id.)   Instead, what the records

reveal is that plaintiff recovered from her surgery, and on July 28, 2003 her physician stated that

she had "no limitations." Thereafter, the Harvard Vanguard records from 2004 submitted with

the plaintiff's appeal describe Ms. Reeder as experiencing "intermittent symptoms" with "no

change in her appetite or weight" and describe her Crohn's Disease as "relatively stable" or

"under reasonably good control."  (Defendant's brief p.20; AR-0275, 0318,-19, 0340).  There is

no evidence that Ms. Reeder's 20 year history of Crohn's Disease worsened after her surgery so

as to prevent her from performing the occupation that she had performed for many years with her

Crohn's Disease.  Sun Life's medical evaluators, Dr. Watson and Dr. Hall appropriately

determined that there was no change in Ms. Reeder's condition between July 28 and

November 10, 2003 that would prevent Ms. Reeder from performing her occupation.

Dr. Hall did not selectively review documents, nor did he have an incomplete record to

review.  His report states that " . . . I have been asked to review the medical documents in the

claim file."  (AR-0393).  That Dr. Hall points out in his report that there are voluminous records

from Harvard Vanguard Medical Group (which there are) and does not specifically refer to

---

[2]    Indeed, according to the letter, Ms. Reeder stopped doing "complex financial analysis assignments," which
according to the report of Suzanne Sayles, Ms. Reeder should be able to perform because she had no limitations
with her "understanding and memory ability to carry out instruction (simple and detailed . . .). (AR-0281).

certain office visits, does not mean that he did not review them. The purpose of his report was to address questions posed by the claim examiner, not provide a chronology of Ms. Reeder's medical care or the documents in the administrative record. (Id.).

The physicians who reviewed the claim for Sun Life, Dr. Watson and Dr. Hall, are not in disagreement.[3] Both physicians opine that the medical evidence establishes Ms. Reeder's Crohn's Disease is stable, and that the May 2003 surgery did not exacerbate her condition such that Ms. Reeder would have an impairment that may prevent her from returning to work. That Dr. Hall commented on part-time work has no relevance here since Ms. Reeder stopped working in September 2003,[4] and has submitted a claim for total disability benefits.

Lastly, that Ms. Reeder has received Social Security Disability Benefits does not impact the reasonableness of Sun Life's decision. See Cook v. Liberty Life Ins. Co. of Boston, 320 F.3d 11, 16 n.5 (1st Cir. 2003)(eligibility determinations by the Social Security Administration are not binding on disability insurers); Pari-Fasano v. ITT Hartford Life and Accident Ins. Co., 230 F.3d 415, 420 (1st Cir. 2000)(eligibility determinations by the Social Security Administration are not binding on disability insurers).

### CONCLUSION

For the foregoing reasons, Ms. Reeder's motion for summary judgment should be denied and summary judgment should enter in favor of Sun Life Assurance Company of Canada, Inc.

---

[3]    To the contrary, as stated on page 12 of Sun Life's Memorandum, it is plaintiff's medical care providers who are in disagreement about the extent of Ms. Reeder's Crohn's Disease.

[4]    As Sun Life explained in its letter of March 1, 2005, partial disability benefits are not available because Ms. Reeder was not working and her coverage ended under the Policy when she was capable of returning to work, but did not. (AR-0400).

SUN LIFE ASSURANCE COMPANY OF
CANADA, INC.

By its attorneys,


      /s/ Joan O. Vorster
_____
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502


Dated: July 13, 2006


## CERTIFICATE OF SERVICE

     I hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 13, 2006.


     /s/ Joan O. Vorster
_____
Joan O. Vorster, Esq.