UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA REEDER,<br>　　Plaintiff<br><br>V.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA, INC.<br>　　Defendant | CIVIL ACTION NO. 05-10534-RWZ |

**OPPOSITION TO PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO FILE APPEAL**

The defendant, Sun Life Assurance Company of Canada (U.S.) ("Sun Life") hereby opposes the plaintiff's Motion for Extension of Time to File Appeal because it is untimely, and the plaintiff has failed to establish good cause for delay.

**BACKGROUND**

This is an ERISA case in which the plaintiff, Laura Reeder, sought payment of long-term disability benefits under an employee welfare benefit plan, provided by her employer and funded by a group insurance policy issued by Sun Life. The parties filed cross motions for summary judgment. On July 24, 2007, this Court granted Sun Life's motion for summary judgment, denied Reeder's motion, and entered judgment in favor of Sun Life. The time in which Plaintiff had to appeal this decision expired on August 23, 2007. On October 2, 2007, the plaintiff filed a Motion for Extension of Time to File Notice of Appeal.

# ARGUMENT

## I. PLAINTIFF'S MOTION MUST BE DENIED AS UNTIMELY.

Fed. R. App. P. 4(a)(5)(A) provides as follows:

> The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

As noted above, this Court entered judgment in favor of Sun Life on July 24, 2007. Pursuant to Rule 4(a), Plaintiff should have filed any Notice of Appeal by August 23, 2007. Although Fed. R. App. P. 4(a)(5)(A) does in some circumstances grant a reprieve from this deadline, this is available only if the dilatory party moves for an extension of time "no later than 30 days" after the expiration of the initial period for filing an appeal. The deadline for moving for an extension pursuant to this rule was September 24, 2007. Plaintiff filed her motion on October 2, 2007, seventy (70) days after the Court's entry of judgment.

Plaintiff's failure to timely move for an extension of time extinguishes his ability to appeal the judgment issued by the District Court. "[T]he result of failure to file a timely notice of appeal, followed by failure to make a timely motion to be permitted to file one out of time, extinguishes the right to appeal beyond revival by either the district court or the court of appeals." 9 Moore's Federal Practice 4-104; Crossman v. Moccoccio, 792 F.2d 1, 2 (1st Cir. 1986) (a motion for extension of time filed two days after the last day permitted by Rule 4(a)(5) 'was untimely and no court would have the power to extend the time for appeal."); see also Melvin v. City of Greenfield, 18 Fed. Appx. 151 (4th Cir. 2001) (district court lacked authority to grant extension of time for filing appeal when motion for permission to file late notice of

appeal was filed after time period in which litigant could have sought such relief had expired). Because the Plaintiff failed to move for an extension of time within thirty (30) days of the expiration of the time for filing an appeal, this Court must deny the Plaintiff's motion for an extension of time.

## II. PLAINTIFF HAS NOT ESTABLISHED EXCUSABLE NEGLECT OR GOOD CAUSE.

Even if the Court had the power to grant plaintiff's motion at this time, it should be denied because the plaintiff has failed to show excusable neglect or good cause, in accordance with the requirements of Fed. R. App. P. 4. An attorney's illness is not "good cause" for delay in filing a notice of appeal, especially where the attorney received notice of judgment prior to his sickness, and where the attorney works at a firm with other members of the bar who could assist with the ministerial act of filing a notice of appeal.[1]  See, e.g., Gibbons v. United States, 317 F.3d 852 (8th Cir. 2003) (no excusable neglect or good cause where attorney became ill while on vacation when attorney was not ill for entire time when notice could have been filed and she made no arrangement for management of case); Springer v. Town of Windham, 382 F.Supp.2d 158 (D. Me. 2005) (not excusable neglect where lawyer, who worked at a firm with other attorneys, had to care for sick child); Chipperfield v. Posi-Seal Int'l, 550 F.Supp. 1322 (D.R.I. 1982) (attorney's failure to file timely notice of appeal due to upheaval in his personal and professional life not excusable neglect or good cause).  Additionally, even where good cause for failing to file a timely notice exists, a party must move for an extension of time as soon as the excuse for delay disappears.  16A Wright & Miller, Federal Practice, §3950.3, (citing Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451 (1st Cir. 1995)).

---

[1]  Note that while Fed. R. App. P. 4 provides that good cause or excusable neglect may excuse late filing of a notice of appeal, nothing in the Rule indicates that such grounds can revive appellate rights after the date for filing a motion for an extension of time has passed.

Here, Plaintiff's attorney states by way of affidavit that he was out of the office for most of August and part of September. However, this Court entered judgment on July 24, 2007, and a timely motion for an extension could have been filed anytime prior to September 24, 2007. Plaintiff's counsel admits that he received notice of the Court's judgment two days before he entered the hospital. See Plaintiff's Motion, p. 1. Moreover, if Plaintiff's counsel was only out of the office for "most" of August and "part" of September, there is no explanation of what precluded him from accomplishing the "insubstantial task" of moving for an extension prior to the deadline, or at the very least making arrangements for the management of his cases during his absence.[2] Pederson v. Doe, 767 F.2d 50, 52 (3d Cir. 1985). As such, plaintiff has failed to establish either excusable neglect or good cause, and this Court should deny the motion for an extension.

## CONCLUSION

WHEREFORE, the defendant, Sun Life Insurance Company, requests that this Court deny the Plaintiff's Motion for Extension of Time to File Appeal.

---

[2] Plaintiff's attorney is not a solo practitioner, and according to the website for his law firm, works with at least one other practicing attorney who could have assisted with the ministerial task of filing a notice of appeal or a motion for an extension of time.

SUN LIFE ASSURANCE COMPANY OF CANADA

By its attorney,

/s/ Joan O. Vorster
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: October 9, 2007

### CERTIFICATE OF SERVICE

I hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 9, 2007.

/s/ Joan O. Vorster
Joan O. Vorster, Esq.
