UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA REEDER, ) | Case No.: 05-10534-RWZ |
| ) | |
| Plaintiff, ) | PLAINTIFF'S MOTION FOR |
| ) | RECONSIDERATION FOR EXTENSION |
| vs. ) | OF TIME TO FILE APPEAL |
| ) | |
| SUN LIFE FINANCIAL DISTRIBUTORS, ) | |
| ) | |
| INC., ) | |
| ) | |
| Defendant | |

Lindsay Rand, attorney for plaintiff Laura Reeder in the above entitled action, hereby moves this Honorable Court to reconsider his prior Rule 4(5)A(ii) motion for an extension of time to file an appeal of the order dated July 24, 2007 denying his motion for summary judgment.

Grounds for this motion are as follows:

This is an ERISA case which has been pending in the Court since March 18, 2005, the date the complaint was filed. Defendant filed its Answer on or about May 16, 2005. Defendant filed the administrative record with the court on or about October 24, 2005. On June 29, 2006, Plaintiff filed her motion for summary judgment. Defendant filed its motion for summary judgment on July 13, 2006. Judgment issued on July 24, 2007.

1. Defendant's opposition to plaintiff's motion for extension contained material and factual errors and omissions. Defendant inaccurately alleged that counsel for plaintiff was aware of the court's ruling on her motion for summary judgment on July 24, 2007. That is incorrect. Counsel was unaware of the order until after the time to appeal had run, in September. Counsel underwent a colectomy on July 27, 2007, and was unaware that the email of the judgment had been sent. Counsel for plaintiff was

hospitalized for five days at Beth Israel Hospital, and was sent home to recover while on narcotic pain medication, and was not permitted to drive. During the next several weeks, counsel only made brief appearances at the office to pay his share of office expenses and review phone messages. He was fatigued, lacked focus, tired easily and often fell asleep at his desk, and had to leave early during the few days he was there.

2. Plaintiff's motion for summary judgment was filed on June 29, 2006. The judgment on the motion was not entered for over a year from that date. Plaintiff's counsel forwarded the Order regarding Summary Judgment to plaintiff on September 18, 2007, when it was discovered.

3. Counsel asserts that these facts constitute "unique or extraordinary" circumstances which should satisfy the requirements of either good cause or excusable neglect. *Pontarelli v. Stone* 930 F.2d 401, (1st Cir. 1991). Whether or not a party's neglect of a deadline is excusable has been held by the Supreme Court to be an equitable determination, taking into consideration "all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). These include the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Gibbons v. United States, 317 F2d. 852 (8th Cir., 2003), quoting Fink v. Union Central Life Ins. Co., 65 F3d 722, 724 (8th Cir.1995). Plaintiff Counsel asserts that this motion, if granted, would not prejudice the defendant, it was not unduly delayed, and will have no impact on the judicial proceedings. This more flexible standard analysis of what constitutes excusable neglect set out in *Pioneer* is now the standard to be applied. The Supreme Court in *Pioneer* concluded that, "Congress plainly contemplated that the courts would be permitted, [when] appropriate, to accept late filings caused by

inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Fink v. Union Central Life Ins. Co., 65 F.3d 722 (C.A. 8 N.D.)(1995)  The court further held that, "To the extent that our past decisions interpreting excusable neglect apply an unduly strict standard in conflict with *Pioneer*, they are no longer controlling precedent." (Case remanded for further reconsideration.)

4. Counsel further states that his practice is separate from that of the attorney he shares space with, and is distinct in nature as well, despite reference in defendant's brief regarding a website with both attorney's names.

Respectfully submitted,

Dated this 1st day of October, 2007

By: */s/ Lindsay Preston Rand*
Lindsay Preston Rand
Nashawaty & Rand
654 Washington Street
Braintree, MA  02184

LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), the parties have conferred and were unable to agree on this Motion for Extension to file Appeal.

_____
CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on October 1, 2007.

*/s/ Lindsay P. Rand*_____
Lindsay P. Rand

Dated:  October 1, 2007

Plaintiff's Motion to Amend - 3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA REEDER, | ) Case No.: 05-10534-RWZ |
| Plaintiff, | ) PLAINTIFF'S AFFIDAVIT IN SUPPORT ) OF MOTION FOR RECONSIDERATION |
| vs. | ) FOR EXTENSION OF TIME TO FILE ) APPEAL |
| SUN LIFE FINANCIAL DISTRIBUTORS, INC., | ) |
| Defendant | ) |

Lindsay Rand, attorney for plaintiff Laura Reeder in the above entitled action, hereby asserts the following:

1. I am the attorney for the plaintiff in the above matter.

2. This matter is an ERISA action which has been pending in the Court since March 18, 2005, the date the complaint was filed.  Defendant filed its Answer on or about May 16, 2005.  Defendant filed the administrative record with the court on or about October 24, 2005.  On June 29, 2006, Plaintiff filed her motion for summary judgment.  Defendant filed its motion for summary judgment on July 13, 2006.  Judgment issued on July 24, 2007.

3. I was unaware of the order denying plaintiff's motion for summary judgment until after the time to appeal had run, in September.  I underwent a colectomy on July 27, 2007, and was unaware that the email of the judgment had been sent.  I was hospitalized for five days at Beth Israel Hospital, during which time I was completely bedridden, on IV nutrition, and on narcotic pain medication.  I was sent home to recover while still taking narcotic pain medication, and was unable to perform basic daily activities, such as walking for extended times, standing or lifting any weight

over 10 pounds. I was not permitted to drive. During the next several weeks, I tried to appear at the office to review phone messages, but could not get there more than a few hours a week. I was easily fatigued, lacked focus, tired easily and usually fell asleep at my desk by noon. I did not have the presence of mind to check all my backlog of emails at that time. I left early every day.

4. Plaintiff's motion for summary judgment was filed on June 29, 2006. The judgment on the motion was not entered for over a year from that date. I forwarded the Order regarding Summary Judgment to plaintiff on September 18, 2007, when I discovered it.

5. This motion, if granted, would not prejudice the defendant, it was not unduly delayed, and will have no impact on the judicial proceedings.

6. My practice is separate from that of the attorney I share space with, and is distinct in nature as well, despite reference in defendant's brief regarding a website with both attorney's names.

Signed under the penalties of perjury this 15th day of November, 2007

By: */s/ Lindsay Preston Rand*
Lindsay Preston Rand
Nashawaty & Rand
654 Washington Street
Braintree, MA  02184

_____

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 15, 2007.

*/s/ Lindsay P. Rand*_____
Lindsay P. Rand