UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA REEDER,<br>    Plaintiff<br><br>V.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA, INC.<br>    Defendant | CIVIL ACTION NO. 05-10534-RWZ |

### OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION FOR EXTENSION OF TIME TO FILE APPEAL

The defendant, Sun Life Assurance Company of Canada (U.S.) ("Sun Life") hereby opposes the plaintiff's Motion for Reconsideration for Extension of Time to File Appeal. This opposition is based on the arguments set forth in Sun Life's Opposition to Plaintiff's Motion for Extension of Time to File Appeal, filed on October 9, 2007, as well as the arguments set forth below.

### BACKGROUND

This is an ERISA case in which the plaintiff, Laura Reeder, sought payment of long-term disability benefits under an employee welfare benefit plan, provided by her employer and funded by a group insurance policy issued by Sun Life. The parties filed cross motions for summary judgment. On July 24, 2007, this Court granted Sun Life's motion for summary judgment, denied Reeder's motion, and entered judgment in favor of Sun Life. The time in which Plaintiff had to appeal this decision expired on August 23, 2007. On October 2, 2007, the plaintiff filed a Motion for Extension of Time to File Notice of Appeal, which Sun Life opposed on October 9,

2007. On October 11, 2007, this Court denied Reeder's Motion for Extension on grounds that the Court lacked jurisdiction. On November 15, 2007, over a month after her Motion was denied, Reeder filed the present Motion for Reconsideration for Extension of Time to File Appeal.

## ARGUMENT

Reeder argues that due to "unique or extraordinary" circumstances, this Court should grant an extension of time to file notice of appeal. Reeder's argument misses the mark. Even "unique and extraordinary" circumstances cannot resurrect Reeder's right to appeal, which was extinguished when the additional thirty (30) days provided for moving for an extension expired on September 24, 2007. Fed. R. App. P. 4(a)(5).

In support of his argument, Reeder cites Pontarelli v. Stone, 930 F.2d 104 (1st Cir. 1991). That case is inapposite. Assuming for the sake of argument that Reeder's counsel's illness qualifies as a "unique of extraordinary" circumstance, the standard set forth in Pontarelli applies when the moving party, although failing to file the notice of appeal within the time period set forth in Fed. R. App. P. 4(a)(1), nonetheless files a motion for extension within thirty days of the expiration of that period. Id. at 109. That is not the situation in this case.[1]

As this Court noted in its October 11th decision on Reeder's Motion for Extension, Reeder's failure to file for an extension of time within the time period set forth in Fed. R. Civ. P. 4(a)(5) extinguishes Reeder's right to appeal and deprives this Court of jurisdiction. 9 Moore's Federal Practice 4-104 ("[T]he result of failure to file a timely notice of appeal, followed by

---

[1] Reeder's notice of appeal, pursuant to Fed. R. App. P. 4(a)(1), should have been filed on or before August 23, 2004. Fed. R. Civ. P. 4(a)(5) does permit a reprieve from this deadline, if the late-filing party moves for an extension within thirty (30) days and shows excusable neglect or good cause. Pursuant to this Rule, Reeder's motion for an extension of time was due on or before September 24, 2007. The Motion was not filed until October 2, 2007.

failure to make a timely motion to be permitted to file one out of time, extinguishes the right to appeal beyond revival by either the district court or the court of appeals."); Crossman v. Moccoccio, 792 F.2d 1, 2 (1st Cir. 1986) (a motion for extension of time filed two days after the last day permitted by Rule 4(a)(5) 'was untimely and no court would have the power to extend the time for appeal.''). Reeder's counsel's illness, though admittedly unfortunate, does not revive appellate rights and is not grounds for circumventing the jurisdictional limitations of this Court.

## CONCLUSION

WHEREFORE, the defendant, Sun Life Insurance Company, requests that this Court deny the Plaintiff's Motion for Reconsideration of Extension of Time to File Appeal.

          SUN LIFE ASSURANCE COMPANY OF CANADA

By its attorney,

/s/ Joan O. Vorster
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: November 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 20, 2007.

/s/ Joan O. Vorster
Joan O. Vorster, Esq.